UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 30, 2015

LETTER TO COUNSEL

      RE:    *Stacy L. Lewis v. Commissioner, Social Security Administration*;
               Civil No. SAG-14-3694

Dear Counsel:

     On November 25, 2014, Plaintiff Stacy L. Lewis petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. Lewis's motion, grant the Commissioner's motion, and affirm the judgment of the Commissioner pursuant to 42 U.S.C. § 405(g). This letter explains my rationale.

     Ms. Lewis protectively filed her claim for Disability Insurance Benefits ("DIB") in 2010, and her claim for Supplemental Security Income ("SSI") in 2012, alleging disability beginning March 9, 2009. (Tr. 18, 161-67). Her claims were denied initially and on reconsideration. (Tr. 100-03, 107-13). A hearing was held on August 22, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 38-66). Following the hearing, the ALJ determined that Ms. Lewis was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 15-37). The Appeals Council denied Ms. Lewis's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

     The ALJ found that, during the relevant period, Ms. Lewis suffered from the severe impairments of obesity, degenerative disc disease, degenerative joint disease/thoracic outlet syndrome, diabetes mellitus, lupus, and depression with complaints of anxiety. (Tr. 20). Despite these impairments, the ALJ determined that Ms. Lewis retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift 10 pounds frequently and 20 occasionally with her dominant right upper extremity, but she can lift five pounds frequently and 10 occasionally with her non-dominant left upper extremity. The claimant can push and pull with her bilateral upper extremities five pounds frequently and 10 occasionally. The claimant is limited to jobs with no overhead work with her left arm, and her

*Stacy L. Lewis v. Commissioner, Social Security Administration*
Civil No. SAG-14-3694
September 30, 2015
Page 2

> reaching ability with left arm, both laterally and in front, is limited to occasionally. Furthermore, she is limited to no more than occasional fine and gross dexterity with the left arm and hand. Ms. Lewis is limited to work in an inside environment without excessive heat, cold, or humidity. She requires jobs that allow her to change positions once per hour. Finally, Ms. Lewis is limited to simple routine tasks, with positions that allow her to be off task about 5% of the time, rest for 10 minutes every two hours, and miss eight days of work per year.

(Tr. 23). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Lewis could perform work existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 30).

Ms. Lewis raises three arguments on appeal: (1) that the ALJ erred in evaluating the opinions of some of her treating physicians; (2) that the ALJ failed to include relevant information in the hypothetical posed to the VE; and (3) that the ALJ erred in assessing her credibility. Each argument fails to warrant remand, and is addressed below.

First, Ms. Lewis complains that the ALJ assigned inadequate weight to the opinions of her treating physician, Dr. Mahmood, and her treating rheumatologist, Dr. Jacob. Pl. Mot. 3-7. Dr. Mahmood's opinion, written in June, 2011, concedes that, despite having treated Ms. Lewis since 2009, he was unable to provide either a diagnosis or a prognosis for Ms. Lewis's condition. (Tr. 578-80). He opined that she would be able to sit for 0-2 hours and stand/walk for three hours in an eight-hour workday. *Id.* Dr. Jacob's opinion was written in November, 2012, and suggested that, as a result of her lupus diagnosis, Ms. Lewis would only be able to sit for two hours and stand/walk for less than one hour in an eight hour day. (Tr. 919-25). The ALJ assigned both opinions "partial weight," explaining that the severity of the limitations suggested by those physicians "is not entirely consistent with the longitudinal conservative treatment record, the documented clinical and examination findings, and Ms. Lewis's stated ongoing capabilities." (Tr. 29). Specifically, in the opinion, the ALJ reviewed Ms. Lewis's activities of daily living including caring for personal needs, driving up to 30 miles, and shopping for groceries with assistance. (Tr. 24-25). The ALJ further provided an extensive review of the clinical and examination findings, noting the relatively minor findings on objective diagnostic testing and the mild impairments on clinical evaluation. (Tr. 25-28). The ALJ further noted Ms. Lewis's testimony that her lupus had been in remission since August, 2012. (Tr. 28). Importantly, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In light of the substantial evidence cited by the ALJ, I find no fault in the assignments of "partial weight" to the treating physicians.

Ms. Lewis's next argument, regarding the adequacy of the hypothetical to the VE, is essentially a challenge to the RFC assessment, which is used to formulate the hypothetical. Essentially, Ms. Lewis contends that the RFC assessment should have incorporated limitations suggested by a consultative psychological examiner, Dr. Miller, and should have included

*Stacy L. Lewis v. Commissioner, Social Security Administration*
Civil No. SAG-14-3694
September 30, 2015
Page 3

limitations to address her allegations of pain and fatigue. (Tr. 7-9). Specifically, Ms. Lewis refers to Dr. Miller's findings of "reduced general memory; low average immediate memory; reduced concentration on some tasks; . . . fair judgment and insight." (Tr. 571). In fact, however, the ALJ credited Dr. Miller's findings and Ms. Lewis's complaints by determining that Ms. Lewis suffers "moderate difficulties" in the functional area of "concentration, persistence, or pace." (Tr. 22). The ALJ then appropriately addressed those moderate difficulties by limiting Ms. Lewis not only to "simple routine tasks," but to jobs allowing her "to be off task about 5% of the time, rest for 10 minutes every two hours, and miss eight days of work per year." (Tr. 23). Ms. Lewis has not explained how Dr. Miller's findings required any additional limitation other than those included by the ALJ.

Ms. Lewis's second RFC argument essentially meshes with her final argument, that the ALJ did not find her testimony credible, particularly as it pertained to her allegations of disabling pain and fatigue. (Pl. Mot. 8-11). Ms. Lewis is correct that, if the ALJ had credited her testimony, he likely would have concluded that she is unable to work. However, as described above, the evidence the ALJ used to discredit the opinions of the two treating physicians is equally applicable to discredit Ms. Lewis's contention that her pain and fatigue are disabling. While the record reflects that Ms. Lewis sought medical treatment to address her pain, it further reflects that, as Dr. Mahmood noted, physicians were unable to find a medical diagnosis to explain the pain she alleged. Ultimately, while the record contains evidence that could be marshaled in favor of a disability finding, this Court's role is not to reweigh the evidence. As noted above, the ALJ cited to substantial evidence to support his conclusion, which cannot therefore be disturbed.

For the reasons set forth herein, Ms. Lewis's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge